UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DARIEN DWAYNE LESTER, ET AL. | CIVIL ACTION NO. 21-2175 |
| VERSUS | JUDGE S. MAURICE HICKS, JR |
| U.S. BANK NATIONAL ASSOCIATION, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is *pro se* Plaintiffs' "Objection to U.S. Magistrate Judge Memorandum Order and Motion to Review Pursuant to LRCP 72(a)." Record Document 53. The Court construes the objection as a Magistrate Appeal relating to Magistrate Judge Hornsby's March 14, 2022 Memorandum Order denying Plaintiffs' Motion for Leave to Amend Complaint. See Record Document 52. Plaintiffs argue that the order was based on bias, was an act of harassment, and was a misapplication of law. See Record Document 53-1 at 1-2. More specifically, Plaintiffs argue Magistrate Judge Hornsby intentionally mischaracterized their motions for leave to supplement as requests for leave to amend. See id. at 3. Finally, Plaintiffs contend good cause was shown, "though not by the standards the Court wrongfully and intentionally suggested should be followed in [SW Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA, 315 F.3d 533, 536 (5th Cir. 2003)] as they do not apply in this case." Id. at 6. Plaintiffs also contend there is no authority for Magistrate Judge Hornsby's statement, "When the proponents of an amendment do not bother to summarize the changes they would make via their amendment, the court is not obligated to compare the proposed amendment to past pleadings line-by-line and attempt to discover the proposed changes." Id. at 3.

In his March 14, 2022 Memorandum Order, Magistrate Judge Hornsby denied Plaintiffs' Motion for Leave to Amend (Record Document 46) and began his ruling with an analysis of Plaintiffs' original complaint and their first amended complaint. See Record Document 52 at 1-2. Plaintiffs argued that the Clerk's Office had mistakenly considered "a substitute page one of the complaint that corrected an oversight by including all named defendants on the title page" as an amended complaint, thereby depriving them of their right to file one amendment "as a matter of course." Id. at 1-2. However, Magistrate Judge Hornsby concluded that the flaw in this argument was the court had already allowed Plaintiffs "to file two additional amendments, so there [was] no possible harm stemming from the manner in which the original complaint was docketed." Id. at 2. He further noted that at least one of the prior requests for amendment had been granted despite being opposed. See id. When he granted Plaintiffs' request to file a third amended complaint, Magistrate Judge Hornsby concluded:

> This civil action has now been pending for more than five months, and Plaintiffs have twice supplemented their complaint with allegations that carry through to the sale of the home at issue. **Accordingly, the period for amending or supplementing the complaint is deemed closed, and no further amendments or supplements will be allowed absent a showing of good cause.**

Record Document 42 at 2 (emphasis added). This previous ruling closing the deadline to amend or supplement the complaint was highlighted in Magistrate Judge Hornsby's March 14, 2022 Memorandum Order denying Plaintiffs' request to amend again. See Record Document 52 at 2. Magistrate Judge Hornsby also focused on Plaintiffs' failure to describe the contents of the proposed amendment and that Plaintiffs had not demonstrated good cause, stating:

>They have had more than a fair opportunity to plead their best case in response to the pending motions, and it is time for the pleadings to be tested by the two fully briefed motions to dismiss.

Id.

The decision by Magistrate Judge Hornsby to deny Plaintiffs' Motion to Amend/Correct Complaint (Record Document 47) is a non-dispositive matter. This action is not listed in 28 U.S.C. § 636(b)(1)(A) as one of the dispositive motions that a magistrate judge may not conclusively decide. An order on a non-dispositive matter from the magistrate judge must be upheld unless it is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A) & Fed. R. Civ. P. 72(a); see also Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995). The Court will review the Magistrate Judge's legal conclusions *de novo* and will review his factual findings for clear error. See Bedingfield v. Deen, No. 09-369, 2011 WL 1044397, at *1 (W.D. La. Mar. 18, 2011).

At the outset, the Court holds that all allegations of bias and/or harassment have been previously addressed and dismissed in this Court's ruling on Plaintiffs' Motion to Recuse. See Record Documents 63 & 64. Such issues will not be revisited here. Thus, the Court will only consider Plaintiffs' other arguments challenging Magistrate Judge Hornsby's order.

This Court has reviewed all of the previous requests to amend, Plaintiffs' most recent request, the Magistrate Judge's Memorandum Order of March 14, 2022, and Plaintiffs' Magistrate Appeal. Nothing in the record supports Plaintiffs' argument that Magistrate Judge Hornsby intentionally mischaracterized their motions as requests to supplement versus amend. In fact, many of their requests were entitled motions to amend. While it is true that no scheduling order had been entered in this case, Plaintiffs

were advised on January 11, 2022 that the period for amending or supplementing the complaint was deemed closed, and no further amendments or supplements would be allowed absent a showing of good cause. Notice of the good cause standard was given, such that Plaintiffs knew the more liberal standards of Rule 15(a) were no longer in effect. The fact that Magistrate Judge borrowed the "good cause" standard from <u>SW Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA</u>, 315 F.3d at 536, does not make his order clearly erroneous or contrary to law. Moreover, this Court believes Magistrate Judge Hornsby's finding that Plaintiffs had failed to demonstrate good cause to be supported by the facts and procedural circumstances of this case. Finally, as to Plaintiffs' contention that Magistrate Judge Hornsby lacked the authority to hold that the court is not obligated to compare the proposed amendment to past pleadings line-by-line and attempt to discover the proposed changes, this Court finds there is such legal authority. <u>See McKinney v. Irving Independent School District</u>, 309 F.3d 308 (5th Cir.2002). In <u>McKinney</u>, the Fifth Circuit found no abuse of discretion in the district court's denial of leave to amend where the plaintiffs failed to alert the court as to the substance of any proposed amendment. <u>See id.</u> at 255; <u>see also Bobelu-Boone v. Wilkie</u>, 526 F.Supp. 3d 971, 985 (D.N.M. 2021), *appeal dismissed sub nom.* <u>Bobelu-Boone v. McDonough</u>, No. 21-2038, 2021 WL 8155001 (10th Cir. May 26, 2021) (leave to amend denied where counsel for Plaintiff failed to offer any information regarding the basis for the proposed amendments, leaving the Court as well as opposing counsel without adequate notice of his intentions).

This Court's review of the record as a whole, and more specifically the briefing related to the instant appeal, does not evidence that Magistrate Judge Hornsby's denial

of Plaintiffs' fourth attempt to amend their complaint – after having been advised that absent good cause, the period for amending or supplementing the complaint was closed – was clearly erroneous or contrary to law.  Thus, the Memorandum Order denying Plaintiffs' Motion for Leave to Amend Complaint (Record Document 52) is **AFFIRMED**, and Plaintiffs' Magistrate Appeal (Record Document 53) is **DENIED**.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, on this the 28th day of September, 2022.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT