**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| DARIEN DWAYNE LESTER, ET AL. | CIVIL ACTION NO. 21-2175 |
| VERSUS | JUDGE S. MAURICE HICKS, JR |
| U.S. BANK NATIONAL ASSOCIATION, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Defendants Donald Keith Andress ("Andress") and Sarah K. Casey's ("Casey") Motion to Dismiss (Record Document 6). Plaintiffs Darien Lester and JoAnna Lester ("the Lesters") have opposed the motion. See Record Document 27. No reply was filed. For the following reasons, the Motion to Dismiss is **GRANTED** and the Lesters' claims against Andress and Casey are **DISMISSED WITH PREJUDICE**.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Joanna Lester defaulted on a residential mortgage loan, and a foreclosure proceeding followed. She filed suit based on the foreclosure, and eventually lost at trial. See Lester v. Wells Fargo, et al., Civil Action No. 15-2439 ("Lester I"). The Lesters then filed the instant suit against Wells Fargo and other defendants. The defendants include Andress and Casey – the two trial attorneys who defended the prior action.

Andress's name is found in only two paragraphs of the Complaint: Paragraph 4 and Paragraph 21. Paragraph 4 lists Andress as a defendant and Paragraph 21 states, in relevant part:

> Plaintiffs have an ongoing case with WFB [Wells Fargo Bank, NA] for violations of the TCPA. In an effort to resolve the case with WFB, Plaintiffs participated in a "mediation" with WFB on March 19, 2021 in which Plaintiff Darien (D.) Lester, Plaintiff J. Lester, Sarah K. Casey (Attorney for WFB), Donald K. Andress (Attorney for WFB) and Suzanne R. Haley

> (Attorney for WFB) [also participated].  After an unsuccessful mediation on March 19, 2021, on April 6, 2021, Plaintiff D. Lester had a conversation with Donald K. Andress in which Plaintiff D. Lester outlined the actions that Plaintiffs planed [sic] on taking if the case was not settled before trial.  The outline included the fact that Plaintiffs were going to file a breach of contract case in Federal Court against USB [US Bank National Association] and SLS [Special Loan Servicing, LLC] (originally WFB was not going to be included in this Complaint until their actions of May 3, 2021), and also of the fact that Plaintiffs were going to file a "Lis Pendens" in State District Court informing third parties of the disputed debt, etc. between Plaintiffs and USB.
>
> Subsequently, another settlement conference was scheduled for May 3, 2021 with the same participants as the earlier conference.  During the settlement conference the Mediator demonstrated knowledge of information about the status of Plaintiff's mortgage that were irrelevant to mediation and could not have been known by the Mediator except for receiving information from the 3 WFB Attorney Defendants who received the information from USB or SLS in violation of the FDCPA and also violating Plaintiffs['] right to privacy.
>
> The only conclusion to reach is that Defendant Donald K. Andress communicated with WFB and told them of Plaintiffs['] intentions and WFB contacted USB to inform them of Plaintiffs['] intentions to file an additional Complaint in Federal Court and in the process, they improperly solicited and improperly received information in violation of the FDCPA about Plaintiffs['] current payment history with USB.
>
> On May 3, 2021, during the 2nd mediation that WFB requested, the Attorney Defendants told the Mediator of the information they illegally received in order to get an advantage in negotiating a settlement (or so they thought).
>
> Plaintiffs did not give consent to USB or SLS to communicate to WFB or any other entity, Plaintiffs' payment or debt information concerning the mortgaged property which violated the FDCPA.

Record Document 43 at 2, 10-11.  Casey's name is mentioned twice in the Complaint.  She is named as a defendant in Paragraph 5 and is referred to in Paragraph 21 as set forth above.  See id.  As noted by Andress and Casey, there are also several "shotgun allegations regarding actions allegedly taken by 'the 3 WFB Attorneys' or 'Attorney Defendants' in Paragraphs 21 and 22."  Record Document 6-1 at 10.

Plaintiffs filed their original complaint on July 22, 2021 and have since amended their complaint three times. See Record Documents 1, 2, 25, & 43. They sought leave to amend again, but such request was denied. See Record Documents 46, 52, 53, & 65. Thus, Record Document 43 is the controlling Complaint. Defendants Andress and Casey have now moved to dismiss the claims against them under Rule 12(b)(6).[1]

## LAW AND ANALYSIS

### I.    Rule 12(b)(6) Motion to Dismiss

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the pleading requirements to state a claim for relief. A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." F.R.C.P. 8(a)(2). The standard for the adequacy of complaints under Rule 8(a)(2) is one of "plausibility." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007). Under this plausibility standard, "factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555–56, 127 S. Ct. at 1965. If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citation omitted).

In conjunction with Rule 8, Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a party's pleading for failure to state a claim upon which relief may be granted. A court does not evaluate a plaintiff's likelihood for success, but instead

---

[1] Additionally, Andress and Casey sought dismissal on the grounds of *res judicata* and/or collateral estoppel. See Record Document 6-1 at 16. They also argue that their successful representation of Wells Fargo in Lester I does not create a basis for liability to Plaintiffs. See id. at 17. Because the Court will decide the motion on the basis of Rule 12(b)(6), it need not reach these alternative arguments.

determines whether a plaintiff has pleaded a legally cognizable claim. See Thompson v. City of Waco, Tex., 764 F.3d 500, 503 (5th Cir. 2014). Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standard to survive such a motion. See Iqbal, 556 U.S. at 678–79, 129 S. Ct. at 1949. If the complaint does not meet this standard, it can be dismissed. See id. Such a dismissal ends the case "at the point of minimum expenditure of time and money by the parties and the court." Twombly, 550 U.S. at 558, 127 S. Ct. at 1966.

## II. Analysis

Andress and Casey submit in their motion that it appears Plaintiffs have alleged nine claims against them: (1) violation of the Fair Debt Collection Practices Act ("FDCPA"); (2) intentional infliction of emotional distress (asserted by Mrs. Lester); (3) negligent infliction of emotional distress (asserted by Mrs. Lester); (4) fraud (asserted by Mrs. Lester); (5) misrepresentation (asserted by Mrs. Lester); (6) wrongful actions relating to foreclosure (asserted by Mrs. Lester); (7) loss of love and affection (asserted by Mr. Lester); (8) loss of consortium (asserted by Mr. Lester): and (9) mental anguish witnessing what was happening to Mrs. Lester (asserted by Mr. Lester). See Record Document 6-1 at 9. While Andress and Casey address each claim individually, they also argue that "it is exceedingly clear from even a brief review of the Complaint that all of Plaintiffs' claims fail under the Iqbal and Twombly standard and should, therefore, be dismissed for failure to state a claim upon which relief can be granted." Id.

**FDCPA Claim**

Plaintiffs have conceded there is no FDCPA claim against Andress and Casey, stating that "their actions in receiving Plaintiffs['] mortgage information and location where Plaintiffs live . . . from US Bank or SLS was a ***violation of the FDCPA by US Bank or SLS and not defendants***." Record Document 27 at 3 (emphasis added). Thus, any such claim is **DISMISSED WITH PREJUDICE**.

**Intentional Infliction of Emotional Distress ("IIED") and Negligent Infliction of Emotional Distress (NIED") Claims**

Plaintiffs believe their complaint "is sufficient as it is subjective to each individual as to what was extreme and outrageous, severe and defendant's knowledge of their actions." Record Document 27 at 3. Yet, Plaintiffs also stated "out of an abundance of caution [they] will seek leave from the Court to amend their Complaint." Id. at 4. Leave to amend has been denied by this Court and Plaintiffs' emotional distress claims must be tested against their latest complaint (Record Document 43).

"To establish a cause of action for IIED under Louisiana law, a plaintiff must prove the following three elements: '(1) that the conduct of defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct.'" Wright v. United Parcel Serv., Inc. (Ohio), No. 3:20-CV-00098, 2020 WL 5015491, at *2 (W.D. La. Aug. 24, 2020) (*quoting* White v. Monsanto Co., 585 So.2d 1205, 1209-10 (La. 1991)). "Conduct which is merely tortious or illegal does not rise to the level of being extreme and outrageous for purposes of IIED." Id. (citing Schmidt v. Cal-Dive Int'l, 240 F. Supp. 3d 542 (W.D. La. 2017)).

"To state a claim for [NIED], Plaintiff must show that '(1) the defendant had a duty to conform his or her conduct to a specific standard of care (the duty element); (2) the defendant failed to conform his or her conduct to the appropriate standard (the breach of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) actual damages (the damages element)." Lincoln v. Mendler, No. CV 18-4542, 2018 WL 4205421, at *4 (E.D. La. Sept. 4, 2018) (*quoting* Covington v. Howard, 146 So. 3d 933, 937 (La. Ct. App. 2014)). "When there is no allegation of physical injury, a defendant's duty is narrow." Id. (*quoting* Covington, 146 So.3d at 937). "Recovery is limited 'to those cases that involved facts where the defendant's conduct was outrageous or deemed outrageous because the defendant breached a special direct duty to the plaintiff and where the resulting [real and serious] mental distress the plaintiff suffered was easily associated with the defendant's conduct.'" Id. (quoting Covington, 146 So. 3d at 938).

Mrs. Lester's claims are not supported by sufficient factual allegations to establish extreme or outrageous conduct for purposes of IIED or NIED.  Andress' alleged conversation with Mr. Lester and the alleged communications of Andress and Casey with Magistrate Judge McClusky during the previous settlement conference are in no way extreme or outrageous.  There are also no factual allegations that Mrs. Lester suffered any severe or serious emotional distress as a result of the actions of Andress or Casey. Additionally, for purposes of IIED, Plaintiffs do not allege that Andress or Casey intended or desired Mrs. Lester to experience severe or serious emotional distress.  As to the NIED

claim, there is no factual support to establish that Andress or Casey owed any type of special direct duty to Mrs. Lester, as they were counsel for an adverse party. Mrs. Lester's claims against Andress and Casey for IIED and NIED are, therefore, **DISMISSED WITH PREJUDICE**.

**Fraud and Misrepresentation Claims**

In response to the Motion to Dismiss the fraud and misrepresentation claims, Plaintiffs "make the same point as in the above paragraph and will do what [they] said in the above paragraph and seek leave of Court to amend [their] Complaint." Record Document 27 at 4. Again, leave to amend a fourth time has been denied by this Court and Plaintiffs' fraud and misrepresentation claims must be tested against their latest complaint (Record Document 43).

"The elements of a Louisiana fraud and intentional misrepresentation claim are: 1) a misrepresentation of a material fact; 2) made with intent to deceive; and 3) causing justifiable reliance with resultant injury." Thomas v. Chambers, No. CV 18-4373, 2018 WL 5279122, at *2 (E.D. La. Oct. 24, 2018) (*citing* Kadlec Med. Ctr. v. Lakeview Anesthesia Assoc., 527 F.3d 412, 418 (5th Cir. 2008)). Such claims are "subject to the heightened pleading requirement in Federal Rule of Civil Procedure 9(b)." Id. (*citing* Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 339 (5th Cir. 2008)). "Under Rule 9(b), a party 'must state with particularity the circumstances constituting fraud or mistake.'" Id. (*quoting* Fed. R. Civ. P. 9(b)). "The Fifth Circuit 'interprets Rule 9(b) strictly, requiring the [complaining party] to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" Id. (*quoting* Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.,

565 F.3d 200, 207 (5th Cir. 2009)).  Under Rule 9(b), the who, what, when, where, and how must laid out.  See id. (*quoting* Benchmark Elecs., Inc. v. J.M. Huber Corp., 343 F.3d 719, 723 (5th Cir. 2003). Finally, "[t]o plead scienter adequately, a [complaining party] must set forth specific facts that support an inference of fraud." Id. (*citing* Tuchman v. DSC Commc'ns Corp., 14 F.3d 1061, 1068 (5th Cir. 1994)).

The fraud and misrepresentation claims fail because Plaintiffs have failed to assert any factual basis to support the required elements of either claim.  The Lesters make no factual allegation – much less with particularity – that Andress or Casey made any false representations or communicated any false information.  There is also no allegation that Andress or Casey intended to deceive the Lesters or that the Lesters relied upon anything Andress or Casey said to their detriment.  The fraud and misrepresentation claims are **DISMISSED WITH PREJUDICE**.

**Wrongful Actions Relating to Foreclosure**

Plaintiffs have conceded they "did not accuse defendants [Andress and Casey] of wrongful foreclosure." Record Document 27 at 6.  Thus, any such claim is **DISMISSED WITH PREJUDICE**.

**Loss of Love and Affection and Loss of Consortium**

Loss of consortium is a "secondary layer of tort liability and derivative from the injury to the primary victim." Purcell v. Tulane Univ. of Louisiana, No. CV 16-1834, 2017 WL 2311735, at *8 (E.D. La. May 26, 2017) (*quoting* Brock v. Singleton, 65 So.3d 649, 657 (La. App. 5 Cir. 2011)). Thus, "the dismissal of any underlying tort claim must result in the dismissal of the related loss of consortium claims." Id.  Loss of consortium claims

"encompass" the loss of love and affection. Baack v. McIntosh, 2020-01054 (La. 6/30/21), 333 So.3d 1206.

Since loss of consortium encompasses loss of love and affection, Mr. Lester's independent claim for loss of love and affection is encompassed in the analysis of the consortium claim. Here, because all of Mrs. Lester's claims against Andress and Casey have been dismissed, Mr. Lester's derivative claim for loss of consortium must also be dismissed. Moreover, Mr. Lester does not allege any facts supporting loss of consortium or loss of love and affection. Instead, Plaintiffs once again stated they would amend to include factual support for these claims. See Record Document 27 at 6-8. Such request has been denied by the Court. Accordingly, the claims for loss of consortium and loss of love and affection are hereby **DISMISSED WITH PREJUDICE**.

**Mental Anguish**

Mr. Lester's claim for mental anguish in the absence of physical injury to himself appears to be a claim for "Lejeune damages." In Lejeune v. Rayne Branch Hospital, 556 So.2d 559 (La. 1990), the Louisiana Supreme Court recognized a plaintiff's right to recover mental anguish damages for witnessing injury to third parties. See also Doty v. Goauto Ins. Co., 2018-55 (La.App. 3 Cir. 7/5/18), 251 So.3d 706, 709 n. 1. "[R]ecovery of Lejeune damages requires proof that: 1) one is a member of the class to whom such a right of action is granted; 2) one saw the injury-causing event or came upon the scene of the event soon thereafter; 3) the harm sustained by the injured person must be such that one can reasonably expect a person in the claimant's position to sustain serious mental anguish or emotional distress; and 4) the mental anguish or emotional distress must be severe, debilitating, and foreseeable." Doty, 251 So.3d at 713 (*citing* Castille v. La. Med.

Mut. Ins. Co., 150 So.3d 614 (La. App. 3 Cir. Nov. 5, 2014)).  Here, Mr. Lester's claim for mental anguish does not meet the above requirements.  He does not allege facts demonstrating any serious mental anguish or emotional distress, much less severe, debilitating, and foreseeable mental anguish or emotional distress.  His mental anguish claim is, therefore, **DISMISSED WITH PREJUDICE**.

## CONCLUSION

Based on the foregoing analysis, Andress and Casey's Motion to Dismiss (Record Document 6) is **GRANTED**.  All of the Lesters' claims against Andress and Casey are **DISMISSED WITH PREJUDICE**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, on this the 28th day of September, 2022.

_____<br>
S. MAURICE HICKS, JR., CHIEF JUDGE<br>
UNITED STATES DISTRICT COURT