**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| DARIEN DWAYNE LESTER, ET AL. | CIVIL ACTION NO. 21-2175 |
| VERSUS | JUDGE S. MAURICE HICKS, JR |
| U.S. BANK NATIONAL ASSOCIATION, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Suzanne Haley's ("Haley") Motion to Dismiss (Record Document 10). Plaintiffs Darien Lester and JoAnna Lester ("the Lesters") have opposed the motion. See Record Document 26. Wells Fargo and Haley replied. See Record Document 28. For the following reasons, the Motion to Dismiss is **GRANTED** and the Lesters' claims against Wells Fargo and Haley are **DISMISSED WITH PREJUDICE**.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Joanna Lester defaulted on a residential mortgage loan, and a foreclosure proceeding followed. She filed suit based on the foreclosure, and eventually lost at trial. See Lester v. Wells Fargo, et al., Civil Action No. 15-2439 ("Lester I"). The Lesters then filed the instant suit against Wells Fargo, Haley, and other defendants. All defendants have been dismissed except Wells Fargo and Haley. Haley is Wells Fargo's attorney.

The Lesters state in their Complaint (Record Document 43) that this is an action to recover damages for Defendants' acts in violation of the Fair Debt Collection Practices Act ("FDCPA"), "unwarranted invasion of personal privacy," and Louisiana Civil Code Articles 2315-2324. See Record Document 43 at ¶ 7. Their main contention seems to stem from what they believe were the unauthorized disclosure and use of confidential and

privileged information during mediations/settlements conferences in Lester I. See id. at ¶ 21.

Plaintiffs filed their original complaint on July 22, 2021 and have since amended their complaint three times. See Record Documents 1, 2, 25, & 43. They sought leave to amend again, but such request was denied. See Record Documents 46, 52, 53, & 65. Thus, Record Document 43 is the controlling Complaint. Defendants Wells Fargo and Haley have now moved to dismiss the claims against them under Rule 12(b)(6).[1]

## LAW AND ANALYSIS

### I. Rule 12(b)(6) Motion to Dismiss

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the pleading requirements to state a claim for relief. A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." F.R.C.P. 8(a)(2). The standard for the adequacy of complaints under Rule 8(a)(2) is one of "plausibility." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007). Under this plausibility standard, "factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555–56, 127 S. Ct. at 1965. If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citation omitted).

---

[1] Additionally, Wells Fargo and Haley sought dismissal on the grounds of *res judicata*. See Record Document 10-1 at 14-16. Because the Court will decide the motion on the basis of Rule 12(b)(6), it need not reach the *res judicata* analysis.

In conjunction with Rule 8, Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a party's pleading for failure to state a claim upon which relief may be granted. A court does not evaluate a plaintiff's likelihood for success, but instead determines whether a plaintiff has pleaded a legally cognizable claim. See Thompson v. City of Waco, Tex., 764 F.3d 500, 503 (5th Cir. 2014). Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standard to survive such a motion. See Iqbal, 556 U.S. at 678–79, 129 S. Ct. at 1949. If the complaint does not meet this standard, it can be dismissed. See id. Such a dismissal ends the case "at the point of minimum expenditure of time and money by the parties and the court." Twombly, 550 U.S. at 558, 127 S. Ct. at 1966.

II.   **Analysis**

Again, the Lesters state in their Complaint (Record Document 43) that this is an action to recover damages for Defendants' acts in violation of the FDCPA, unwarranted invasion of personal privacy, and Louisiana Civil Code Articles 2315-2324. See Record Document 43 at ¶ 7.  The Lesters cite 49 CFR 801.56 in connection with their allegation of unwarranted invasion of personal privacy.  See id.  Yet, this regulation sets forth exemptions from public disclosure that apply to requests for records under the Freedom of Information Act that are processed by the National Transportation Safety Board.  See 49 CFR 801.56; 49 CFR 801.1.  The regulation does not provide a private cause of action for the Lesters.  Instead, their invasion of privacy claim will be examined under Louisiana law.  Wells Fargo and Haley argue that all of the Lesters' claims fail to state a claim upon which relief can be granted.

**FDCPA Claim**

Plaintiffs appear to have abandoned any FDCPA claim. In their opposition, they repeatedly state: the defense contention that Plaintiffs allege a violation of the FDCPA against Wells Fargo and Haley "is not true"; "defendant Wells Fargo is not alleged to have committed any FDCPA violations"; and "Plaintiffs did not state a FDCPA claim against Defendant[s]." Record Document 26 at 1, 2, & 5. Thus, any FDCPA claim is **DISMISSED WITH PREJUDICE**.

**Invasion of Privacy Claim**

In their opposition, the Lesters contend that their sole claim in this action against Wells Fargo and Haley is that they allegedly violated the Lesters' right to privacy by discussing Joanna Lester's mortgage loan with the mediator – Magistrate Judge McClusky – during Lester I. While the Lesters do reference a claim for unwarranted invasion of personal privacy in the Complaint, it is in passing and there are little to no supporting factual allegations. Assuming the Lesters have provided more than mere labels and conclusions in support of their invasion of privacy claim, such claim still fails under Rule 12(b)(6).

Under Louisiana law, "[a]n actionable invasion of privacy occurs only when the defendant's conduct is unreasonable and seriously interferes with the plaintiff's privacy interest." Jaubert v. Crowley Post-Signal, Inc., 375 So.2d 1386, 1389 (La. 1979). Louisiana law recognizes four ways in which invasion of privacy can occur: "(1) by appropriating an individual's name or likeness; (2) by unreasonably intruding on physical solitude or seclusion; (3) by giving publicity which unreasonably places a person in a false

light before the public; and (4) by unreasonable public disclosure of embarrassing private facts." Brunner v. Holloway, 2017-0674 (La. App. 1 Cir. 11/2/17), 235 So. 3d 1153, 1161.

The first two instances do not apply here because the Lesters have not alleged that their names or likeness were appropriated or that their physical solitude or seclusion was invaded. Likewise, the third and fourth instances – placing a person in a false light before the public and publicly disclosing embarrassing private facts – do not apply. The Lesters allege that information was shared with a mediator, and do not allege that any information was shared with the general public. In fact, the information shared during the mediation is protected as confidential. See La. Rev. Stat. § 9:4112(A).[2] As such, the Lesters have not stated and cannot state an invasion of privacy claim under Louisiana law against Wells Fargo or Haley. Their invasion of privacy claim is **DISMISSED WITH PREJUDICE**.

**Other Potential Miscellaneous Louisiana Tort Claims**

The Lesters also briefly mention other causes of action at times in their Complaint, including intentional infliction of emotional distress, negligent infliction of emotional distress, fraud, and misrepresentation. The references to these other causes of action are wholly conclusory. The Lesters do not allege the requisite facts as to Wells Fargo or Haley to support a claim under any of the other referenced causes of action. Accordingly, any such claims are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. See Bowlby v. City of Aberdeen, Miss., 681 F.3d 215, 227

---

[2] Section 4112(A) provides that "all oral and written communications and records made during mediation, whether or not conducted under this Chapter and whether before or after the institution of formal judicial proceedings, are not subject to disclosure, and may not be used as evidence in any judicial or administrative proceeding." La. Rev. Stat. § 9:4112(A).

(5th Cir. 2012) (affirming dismissal of claim that offered nothing more than mere "labels and conclusions").

## CONCLUSION

Based on the foregoing analysis, Wells Fargo and Haley's Motion to Dismiss (Record Document 10) is **GRANTED**. All of the Lesters' claims against Wells Fargo and Haley are **DISMISSED WITH PREJUDICE**.

A judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, on this the 30th day of September, 2022.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT